Swing, J.
This is an action in quo warranto, wherein Wm. Lueders claims to be prosecuting attorney of the police court of the the city of Cincinnati, and that the defendant, James D.Ermston, wrongfully keeps him out of possession of the same.
Plaintiff's right to the relief asked, depends on his title' to the office.
The case was heard in this court on a demurrer to the petition. .
The petition alleges the appointment of the plaintiff by John A. Caldwell, the then mayor of the city of Cincinnati, on the 24th day of May, 1897, the confirmation of said appointment by the board of legislation on the 1st day of June, 1897, the giving of bond according to law, and the taking of the oath of office.
The only question in the case is, whether the said John *615 A. Caldwell, as mayor, had the power to make the appointment. If he had, the relator is entitled to the office, otherwise not.
The authority to appoint the prosecuting attorney of the police court, is lodged with the mayor of the city, and is contained in the following provisions of secs. 1708a, and 2690o, of the Rev. Stats.
Sec. 1708a, is as follows:
“In cities of the first grade, of the first class, there shall be a mayor, auditor, treasurer, police judge, clerk of the police court,and corporation counsel, who shall be chosen by the electors, for equal terms, at one and the same, general municipal election; and a prosecuting attorney of the police court,who shall be appointed by the mayor, with the advice and consent of the board of legislation.”
So much of sec. 2690o, which bears on the question at issue, is as follows:
“That all appointments provided for in secs. 1708a, 2205 and 2436 shall, except in cases of vacancies, be made on the first Monday in May, or as soon thereafter as practicable,of each year m which appointments are required.”
At the time of the appointment by Mayor Caldwell of said plaintiff, Carl Nippert was the prosecuting attorney of the police court, having been appointed by said Mayor Caldwell on the first Monday in May, 1894, and his time would expire on July 4tb, 1897, so that the year 1897, was the year in which an appointment for prosecuting attorney of the police court was required.
The term of Mayor John A. Caldwell, expired on July 4th, 1897, and he was succeeded by Col. Gustav Tafel, who was elected mayor on the first Monday of April of the year 1897.
It was claimed by counsel for defendant, that as the term of office of the said John A. Caldwell would expire at the *616 time when his appointee, the plaintiff, would go into office,, that such an appointment could not be made, and quite a number of authorities were cited to us in support of such a proposition. We see no reason to question any of the authorities cited, but it seems to us, that these authorities go only so far as to say, that when authority is given to an officer to make an appointment, such officer can not make an appointment the term of which is to begin after the expiration of his term,
If the law in this case had said, that the mayor of the city of Cincinnati should appoint a prosecuting attorney for the police court when an appointment was required, there would be no question but what the authorities cited would be applicable, and Mayor Caldwell would not be permitted to make an appointment to an office, the time of which commenced after the expiration of his own term.
But there is no general rule of law which pretends to place any barrier on the powers of the legislature in such matters. So that,if the legislature has said when and how, and by whom any appointment is to be made, and the courts can satisfactorily ascertain what the legislature has said, that is the end of the inquiry, and there can be no rule of law to change or interfere with it. There can be no escape from this, unless the courts lay violent hands on the law, and nullify the law by judicial legislation. This we do not intentionally propose doing.
What is the meaning of that portion of the section above quoted ?
In construing this law, we recognize as good law the doctrine that a thing may be within the letter of the law, yet not within the law; but where the letter of the law is plain and unambiguous, all the court can do, is to follow the law as laid down, and not go into speculation or surmise.
In the case of Woodbury & Co. v. Berry, 18th Ohio St., *617 456, the first proposition of the syllabus, is as follows:
“Where the words of a statute are plain, explicit, and unequivocal, a court is not warranted in departing from their obvious meaning, although from considerations arising outside of the language of the statute, it may be convinced that, the legislature intended to enact something different from what it did in fact enact. ”
To the same effect might be cited other decisions by our own supreme court and other courts of last resort, but the above is direct, clear and sufficient.
This section says: “That all appointments provided for in sec. 1708a, 2205 and 2136, shall be made on the first Monday in May, or as soon thereafter, as practicable, of each year in which appointments are required.”
It is clear that the time, to-wit: the first Monday in May, on which the appointment is to be made, is not mandatory, for the statute itself says, that it may be made as soon thereafter as practicable; but the question here is, can the appointment be made on or after the first Monday, in May, in the year in which it is required — -that is, in the year in which there is a new prosecuting attorney to be appointed ?
We are unable to see why the appointment cannot be made on or after the first Monday in May, of the year 1897» The language of the statute is as clear and as explicit as it is possible to make it. It says in so many words, that it may be made on the first Monday in May.
For the court to say that the mayor cannot appoint the prosecuting attorney o,p that day, would simply be to set the law at defiance and override it. We think it cannot be questioned but what the legislature had the right to say, when, and by whom, the appointment in question should be .made; and that it has made the provisions in this regard, is equally plain. : -
Frederick Hertenstein, for Relator.
D, T. Wright, M. F. Wilson, and Otway Cosgrave, for Defendant.
: To hold that Mayor Tafel, who went into office July 5, 1897, only could appoint, would completely nullify that portion of the statute which says, that the appointment shall be made on the first Monday of May. If there was any reason to think that the legislature, when it said,in effect, that the appointment might be made on the first Monday in May, did not in fact mean that the appointment could be made then, but that it intended that it should not be made until the first Monday in July, there might be force in defendants claim; but we are utterly at a loss to see how it can be claimed in reason, that when the legislature had in such plain and explicit language, said, that the appointment might be made on the first Monday in May, that in fact, the legislature did not intend that it could be done on that day.
We know of no rule of construction which would authorize such an interpretation. To set at naught such plain and unmistakable language, would simply mean to ignore the power of the legislature, and to substitute therefor, the idea of the courts,
It is said, that to give effect to the law as it now reads, jwould make the law inharmonious with the original law.
We are of the opinion,that this statement is correct. No doubt, the original law contemplated that the prosecuting attorney of the police court should be of the same party as 'the mayor,during the mayor's term of office. But the law,as amended, has in positive terms changed this, and whether it was intended to do this or no.t, is in the nature of an idle speculation, when it has in fact been done in such unmistakable and positive language.
Demurrer to petition will be overruled, and unless defendant desires to plead further, the prayer of the petition will be granted.